UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MICHELLE CLARK,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No.: 3:16-cv-02854-BEN-AGS<br>**ORDER:**<br>**(1) ADOPTING IN PART REPORT AND RECOMMENDATION;**<br>**(2) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br>**(3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; and**<br>**(4) REMANDING APPLICATION TO SOCIAL SECURITY ADMINISTRATION** |

Plaintiff Jennifer Michelle Clark filed this action seeking judicial review of the Social Security Commissioner's denial of her application for disability insurance benefits. Plaintiff filed a motion for summary judgment and Defendant filed a cross-motion for summary judgment.

On January 29, 2018, Magistrate Judge Andrew G. Schopler issued a thoughtful and thorough Report and Recommendation ("Report"). Plaintiff does not contest the Administrative Law Judge's ("ALJ's") findings regarding her physical limitations and impairments; she only challenges the ALJ's finding regarding the severity of her mental impairments. Pl.'s Mot. at p. 3 ("Clark stipulates that the ALJ fairly and accurately summarized the medical and non-medical evidence of record, except as specifically stated in the Argument section, *infra*," and only arguing findings regarding mental limitations).

The crux of Plaintiff's appeal is that the ALJ gave little weight to the medical opinion of treating physician Dr. Deborah Birnbaum, D.O., while giving great weight to a non-treating consulting examiner, Ted Shore, Ph.D. Dr. Birnbaum treated Plaintiff on numerous visits regularly over time. Dr. Shore examined Plaintiff one time after the hearing was conducted. Dr. Birnbaum opined that Plaintiff was *unlikely* to be able to maintain stability during a workday as a result of her mental limitations and impairments. The ALJ gave this opinion little weight because "it is inconsistent with the [Plaintiff's] relatively normal activities of daily living and mild limitations on mental status examinations." *Decision* at AR 23 (citations to the record omitted). This was the full extent of the ALJ's reasoning.

The ALJ gave greater weight to all of the other medical sources. For example, he gave "some weight" to the opinion of a non-treating consulting psychologist Dan Whitehead, Ph.D. based on an examination *several years before the alleged onset date*. *Id.* The ALJ also gave "some weight" to the opinions of B. Smith, M.D. and Dara Goosby, Psy.D., who were non-treating, non-examining state agency psychological consultants. *Id.*

Magistrate Judge Schopler's Report concluded that the ALJ failed to use the correct procedure to determine how much weight to give Dr. Birnbaum's opinion. Under the recent case of *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017), an ALJ must consider the factors for weighing medical opinions found in 20 C.F.R. § 404.1527(c)(2)-

(6). *Trevizo* at 679. Because the ALJ did not consider such § 404.1527(c)(2) factors as the length of the treating relationship, the frequency of examination, or the nature of the treatment relationship in addition to the supportability of the opinion, *Trevizo* concluded that "[t]his failure alone constitutes reversible legal error." *Id.*; Report at P. 6 (quoting *Trevizo*, 871 F.3d at 676). Of course, the ALJ did not have the benefit of the *Trevizo* case when he wrote his decision. And the ALJ did begin his discussion with the statement that he considered opinion evidence in accordance with § 404.1527. *Decision* at AR 22.

Magistrate Jude Schopler consider the error to be harmless. In short, he found the ALJ sufficiently explained his reasons for giving little weight to Dr. Birnbaum's opinion by citing to the relevant portions of the administrative record but "simply [did not] memorialize all the relevant facts considered." Report at p. 7. But this is where faulty procedure may lead to substantial error.

At the hearing, the Vocational Expert was given two hypothetical work scenarios. In the second hypothetical, the Vocational Expert concluded that there are no jobs that Plaintiff could do *if* Dr. Birnbaum's limitation is included. But the ALJ gave that opinion of Plaintiff's regular treating specialized psychiatrist, Dr. Birnbaum, the least weight of all. If the ALJ considers the Dr. Birnbaum opinion carefully in light of all of the § 404.1527(c)(2)-(6) factors, he may well give that opinion sufficient weight to include the Dr. Birnbaum work limitations in an accurate vocational hypothetical. That, in turn, may lead to a finding of disability.

The Court adopts the portions of the Report that set forth the factual background, legal standard, and determination that the ALJ was required under *Trevizo* to specifically articulate his considerations of the "length, frequency, or nature of [Plaintiff's] relationship with Dr. Birnbaum" prior to determining the weight to give Dr. Birnbaum's opinion. *See* Report at pp. 1-6. There is little indication that the ALJ considered the regulatory factors and some indication that full consideration of the regulatory factors would have changed the ALJ's ultimate decision regarding Plaintiff's ability to work. *See Hoffman v. Berryhill*, No. 16-CV-1976-JM-AGS, 2017 WL 3641881, at *4 (S.D. Cal.

Aug. 24, 2017) ("*Trevizo* does not demand a full-blown written analysis of all the regulatory factors; it merely requires some indication that the ALJ considered them."). Therefore, remand for further administrative proceedings, rather than an award of benefits is appropriate. *Leon v. Berryhill,* 880 F.3d 1041, (9th Cir. 2017) ("When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits.") (citation omitted); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1107 (9th Cir. 2014) ("because the record does not compel a finding of disability, we remand Treichler's disability application to the district court to remand to the agency for further proceedings").

Accordingly, the case is remanded "with an open record" on the issue of Plaintiff's ability to do sustained work necessary for full-time employment in light of her combination of physical and mental impairments. In accordance with the recent Trevizo decision, the ALJ shall articulate his or her evaluation of the § 404.1527(c)(2) factors. Additionally, because the ALJ relied on consulting psychologist Dr. Shore's opinion in discrediting Plaintiff's testimony and the opinion of Plaintiff's treating psychiatrist, and because his opinion was rendered after the initial hearing, Plaintiff shall be permitted (if she so chooses) to cross-examine Dr. Shore regarding his medical opinion.

In sum, Plaintiff's motion for summary judgment is **GRANTED in part**, and Defendant's cross-motion for summary judgment is **DENIED**. Plaintiff's disability benefits application is **REMANDED** to the Social Security Administration for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: February 20, 2018

Hon. Roger T. Benitez
United States District Judge